**Terry TABOR, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 93–608.

Supreme Court of Iowa.

July 27, 1994.

Mary K. Hoefer of Mears Law Office, Iowa City, for appellant.

Bonnie J. Campbell, Atty. Gen., and William Hill and Layne M. Lindebak, Asst. Attys. Gen., for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

CARTER, Justice.

Terry Tabor, a postconviction relief applicant under Iowa Code chapter 822, appeals from an adverse judgment on his challenge to a prison disciplinary proceeding at the Iowa State Penitentiary. Two issues are presented by his appeal: first, whether he may appeal to this court as of right notwithstanding the language contained in Iowa Code section 822.9 (1993) that establishes a limited certiorari review for prison disciplinary proceedings, and second, whether the collateral consequences of a minor rule violation on a criminal sentence imposed in another state constitutes a sufficient deprivation of liberty or property to be the subject of review under the principles espoused in *Davis v. State*, 345 N.W.2d 97 (Iowa 1984). We answer the first question in the affirmative and the second in the negative.

I. *The Right of Appeal.*

■ The applicant seeks to review the action of prison authorities imposing discipline upon him as of right under laws that antedated the enactment of 1992 Iowa Acts chapter 1212, section 38. As a result of that enactment, the statute now provides:

An appeal from a final judgment entered under this chapter may be taken, perfected, and prosecuted either by the applicant or by the state in the manner and within the time after judgment as provided in the rules of appellate procedure for appeals from final judgments in criminal cases. *However, if a party is seeking an appeal under section 822.2, subsection 6, the appeal shall be by writ of certiorari.*

Iowa Code § 822.9 (1993) (emphasis added). The applicant contends that the italicized language in the foregoing statute was invalidated by this court's decision in *Giles v. State*, 511 N.W.2d 622 (Iowa 1994), on the

basis that its enactment violated the single-subject restriction contained in Article III, section 29 of the Iowa Constitution.

The State contends that, although *Giles* found the challenged provision to have been enacted in violation of Article III, section 29, the same opinion also concluded that the constitutional defect was subsequently eliminated by codification. Our reading of the *Giles* decision convinces us that the language in section 822.9 restricting review of prison disciplinary proceedings to a certiorari procedure was indeed invalidated in that case. Moreover, we do not agree it was our intention in *Giles* to limit the legal effect of that conclusion to a single litigant.

 The State's suggestion that codification of legislation otherwise invalid under Article III, section 29 cures any continuing constitutional infirmity is not legally sound. The codification process only cuts off a right of constitutional challenge under Article III, section 29 if no one has lodged such a challenge before codification is complete. *State v. Mabry,* 460 N.W.2d 472, 474–75 (Iowa 1990). If some litigant does lodge a constitutional challenge prior to codification of the flawed legislation and prevails, then the resulting invalidation of the statute inures to the benefit of other persons adversely affected by the legislation. As a direct consequence of the conclusions reached in *Giles,* the applicant's appeal from the judgment was properly taken as of right. A petition for certiorari was not required.

## II. *The "Substantial Deprivation" Issue.*

 Under the postconviction relief procedures established in chapter 822, review of prison disciplinary proceedings may be taken in two situations. The first of these situations exists when "[t]he person's reduction of sentence pursuant to sections 903A.1 through 903A.7 has been unlawfully forfeited...." Iowa Code § 822.2(6) (1993). The second situation exists when the particular discipline imposed, although not resulting in forfeiture of a sentence reduction under those statutes, otherwise results in a substantial deprivation of the applicant's liberty and property interests. *See Davis,* 345 N.W.2d at 99.

 The disciplinary violation involved in the present case was limited to a minor report and reprimand as a result of the applicant, a kitchen employee, being found at an improper location during a work break. Under the rules of the institution and Iowa statutory law, this disposition would in no way affect a prisoner's sentence imposed under the Iowa Criminal Code. This applicant asserts, however, that he is serving a sentence under the laws of Wyoming, and the finding of even this minor violation will affect his right to discretionary sentence reduction under the laws of that state. He urges that this will indeed work a substantial deprivation on his liberty interests.

It is apparent that, even if applicant's contention concerning loss of sentence reduction in Wyoming is correct, that would not constitute forfeiture of a person's reduction of sentence pursuant to Iowa Code sections 903A.1 through 903A.7. It would occur, rather, pursuant to some law of the State of Wyoming. The applicant thus does not meet the qualifications for postconviction review established in section 822.2(6). Moreover, in judging whether the discipline imposed works a substantial deprivation of liberty or property under *Davis,* it is apparent that any such deprivation will not occur from operation of Iowa law.

We are convinced that the additional deprivations for which postconviction relief may be cognizable under *Davis,* 345 N.W.2d at 99, do not include the collateral consequences of sanctions imposed by Iowa authorities on prisoner's sentences in other states. Those are matters that do not fall within the responsibilities of Iowa prison authorities or judicial officers. They should therefore play no role in the classification of Iowa sanctions for purposes of eligibility for postconviction relief. The district court correctly declined to review the applicant's claims on the basis that they were insubstantial.

**AFFIRMED.**