**IOWA DEPARTMENT OF TRANSPORTATION,**
Plaintiff,

v.

**IOWA DISTRICT COURT FOR LINN COUNTY, Defendant.**

No. 97–973.

Supreme Court of Iowa.

Nov. 25, 1998.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Kerry Anderson, Assistant Attorney General, for plaintiff.

Ahmet S. Gonlubol, Assistant Public Defender, Cedar Rapids, for defendant.

McGIVERIN, Chief Justice.

In this original certiorari action involving consolidated cases, the question is whether the district court acted illegally in refusing to revoke the driver's licenses of four defendants, following their conviction for possession of a controlled substance, as required by 1996 Iowa Acts chapter 1218, section 68 (hereinafter referred to as section 68), now codified at Iowa Code section 901.5(10) (1997). The district court, which is the nominal defendant in this certiorari action, refused to revoke the four defendants' driver's licenses based on its conclusion that section 68 is unconstitutional because it violates the single subject requirement of article III, section 29 of the Iowa Constitution.

Plaintiff Iowa Department of Transportation (DOT) claims this ruling was illegal because defendants did not lodge their single subject rule challenge to the legislation *before* its codification in the 1997 Code. The DOT thus contends that any defect in the subject matter of section 68 of 1996 Iowa Acts chapter 1218 was cured upon codification and that the district court therefore acted illegally in refusing to revoke defendants' driver's licenses.

Upon our review, we find that defendants failed to raise a timely single subject challenge to section 68 prior to its codification in the 1997 Code. Accordingly, any defect concerning the subject matter of section 68 was cured upon codification. We thus conclude that the district court acted illegally in refusing to revoke defendants' driver's licenses in the underlying criminal proceedings. We sustain the writ.

## I. Background facts and proceedings.

A. On May 30, 1996, 1996 Iowa Acts chapter 1218, section 68 was enacted into law. *See State v. McCright,* 569 N.W.2d 605, 607 (Iowa 1997). This legislation mandates revocation of a person's driver's license for 180 days upon conviction of a drug related offense. It was codified as Iowa Code section 901.5(10) on January 8, 1997.

B. On February 28, 1997, trial informations were filed charging Andre Thomas and Varian Moore with possession of a controlled substance, in violation of Iowa Code section 124.401(3) (1995).

On March 3, 1997, trial informations were filed charging Marcus Landfair and Jack Peacock, Jr., with possession of a controlled substance, in violation of Iowa Code section 124.401(5) (1997).

On April 30, 1997, the above named defendants pleaded guilty to the offenses as charged. All four criminal defendants requested immediate sentencing. The proceedings were not reported and the only record thereof is the court's order regarding each defendant's judgment of conviction and sentence.

The district court, Judge Spande, imposed a fine of $250 on each defendant. Additionally, the court noted that pursuant to 1996 Iowa Acts chapter 1218, section 68, later codified at Iowa Code section 901.5(10), the court was required to revoke or suspend defendants' driver's licenses for 180 days. However, the court stated:

> This Court has concluded that the provisions of 1996 Iowa Acts Chapter 1218, Section 68 are violative of Article III, Section 29 of the Iowa Constitution. *See State v. Taylor,* [557 N.W.2d 523 (Iowa 1996) ]; *State v. Mabry,* 460 N.W.2d 472 (Iowa 1990). Based on this determination, the

Court does not suspend the Defendant's driving privileges.

C. In response to the district court's ruling, the DOT filed in our court separate petitions for writ of certiorari against the district court, corresponding with the four underlying criminal cases, pursuant to Iowa rule of civil procedure 309 and Iowa rules of appellate procedure 301, 303. For purposes of our review, the relevant parties are the plaintiff DOT and the four defendants in the underlying criminal cases. *See* Iowa R.App. P. 303.

In the petitions, the DOT asserted that the district court acted illegally and in excess of its jurisdiction by refusing to suspend the criminal defendants' driver's licenses as required by Iowa Code section 901.5(10), because any defect concerning the single subject requirement was cured on January 8, 1997, the date that the Code was released to the public by the Code Editor.

The record shows no resistance filed by defendants in response to the DOT's petitions for writ of certiorari. *See* Iowa R.App. P. 302.

We granted the DOT's petitions for writ of certiorari, and subsequently ordered that the four certiorari petitions be consolidated. The defendants in the four underlying criminal cases have assumed the representation of defendant district court in this original certiorari action.

D. Thereafter, defendants filed a motion for limited remand asking that we allow into the certiorari record a September 4, 1997, supplemental order of the district court, Judge Spande, in the four underlying cases, and a January 24, 1997, order of another district associate court judge, Judge Newmeister, in a separate case, *State v. Laton*, Linn Co. SRCR–13789, in which that court declared Iowa Code section 901.5(10) unconstitutional based on the single subject rule. ·A three justice panel of our court denied defendants' motion for limited remand or in the alternative to expand the record to include those two additional orders.

Following oral argument and upon consideration of this matter en banc, we now reconsider our decision denying defendants'

motion for a limited remand or in the alternative to expand the certiorari record. We now allow Judge Spande's September 4, 1997 order and Judge Newmeister's January 24, 1997 order in the separate *Laton* case into the certiorari record. *See* Iowa R.App. P. 10(d); *cf. State v. O'Dell*, 456 N.W.2d 910, 912 (Iowa 1990) (discussing procedure where supreme court may initially deny permission for review of interlocutory ruling, but later grant permission); *Hayes v. Kerns*, 387 N.W.2d 302, 308 (Iowa 1986) (discussing procedure where a three-justice panel of supreme court initially overruled a motion to dismiss an appeal for lack of subject matter jurisdiction, but later examined jurisdiction in light of further study and oral submission of the case). We will discuss the relevance of Judge Spande's September 1997 order and Judge Newmeister's January 1997 order where appropriate.

## II. Standard of review.

■ "A writ of certiorari is proper under Iowa Rule of Civil Procedure 306 when one 'exercising judicial functions ... is alleged to have ... acted illegally.'" *Dressler v. Iowa Dep't of Transp.*, 542 N.W.2d 563, 564 (Iowa 1996) (quoting Iowa rule of civil procedure 306). Although our standard of review concerning certiorari actions is generally at law, our review in this case is de novo because a constitutional challenge is raised. *Id.* at 564–65.

## III. Was a prior challenge to section 68 lodged that inured to defendants' benefit?

A. The DOT contends that we need not address the merits of whether section 68 violates the single subject requirement of article III, section 29, because any such defect was cured at the time the legislation was codified in the 1997 Code on January 8, 1997.

■ The DOT is correct that codification of legislation cures any defect in subject matter or title. *See McCright*, 569 N.W.2d at 607; *State v. Mabry*, 460 N.W.2d 472, 475 (Iowa 1990). Conversely, we have said: "[a] successful challenge before codification invalidates the defective portion of the legislation

not only for the benefit of the challenger but also for the benefit of others adversely affected." *McCright*, 569 N.W.2d at 607.

■ We explained in *Mabry* that there is a window of time for challenging legislation on the grounds of a single subject defect.[1] *Mabry*, 460 N.W.2d at 475. This window of time runs from the date the legislation is enacted until such legislation is codified. *Id.* Thus, "[a] successful challenge *before* codification invalidates the defective portion of the legislation not only for the benefit of the challenger but also for the benefit of others adversely affected." *McCright*, 569 N.W.2d at 607 (emphasis added). "Absent a successful challenge during this period of time, the new legislation, if it is otherwise constitutional, becomes valid law."[2] *Mabry*, 460 N.W.2d at 475.

■ B. Here, defendants cannot argue that they themselves lodged a challenge to section 68 before its codification on January 8, 1997. This is because codification of section 68 occurred *before* the incidents and charges against our four criminal defendants which took place in February and March 1997, and before Judge Spande's April 30, 1997 sentencing order. Therefore, defendants can only prevail on their single subject rule challenge if someone else raised a timely challenge, under article III, section 29 of the Iowa Constitution to section 68 prior to its codification in the 1997 Code, that inures to defendants' benefit.

Defendants contend that Judge Newmeister's January 24, 1997 order in the *Laton* case, which is now a part of our certiorari record, involved such a challenge made before section 68 was codified. In that order, the court held that section 68 violates the single subject requirement of article III, section 29 of the Iowa Constitution. That court therefore refused to revoke defendant Laton's driver's license as required by section 68. In doing so, the court noted that defendant Laton raised his single subject rule challenge by a memorandum of law on or about December 11, 1996. Defendant Laton therefore raised his single subject rule challenge before the legislation was codified in the 1997 Code on January 8, 1997. There is no record showing that order was appealed.

In the September 4, 1997 order, Judge Spande indicated that her ruling was made after motion of defense counsel and that she relied on Judge Newmeister's January 24, 1997 ruling in refusing to revoke defendants' driver's licenses based on the conclusion that section 68 violates the single subject rule. Defendants thus contend that Judge Newmeister's order in the *Laton* case qualifies as a successful challenge to section 68 from which they may benefit and it thus makes timely their later challenge to section 68.

■ C. Although we have struck down a statute on the basis that it violated the single subject requirement, *see State v. Taylor*, 557 N.W.2d 523, 526 (Iowa 1996), we have never specifically addressed what qualifies as a successful challenge to legislation prior to its codification that inures to the benefit of others. We have never considered what level of court ruling, including a district court decision, qualifies as a "successful challenge" prior or to codification that inures to the benefit of

---

1. Our statements in *Mabry* concerning a window of time to challenge legislation before codification were based on the language of Iowa Code section 14.15 (1987), which stated in part:

   A new Code or its supplements shall be issued as soon as possible after the final adjournment of the second regular session of the general assembly.

   Iowa Code section 14.15 was repealed by 1991 Iowa Acts chapter 258, section 72, but was essentially recodified in Iowa Code section 14.12, pursuant to 1991 Iowa Acts chapter 258, section 12. Thereafter, Iowa Code chapter 14, Code 1991, was transferred to chapter 2B by the Code Editor for the 1993 Code. Specifically, the first sentence of former section 14.12 is now codified at Iowa Code section 2B.12(1) (1997).

2. We noted in *Mabry* that the legislation challenged in that case was enacted and signed by the governor in 1980, and that the legislation first appeared in the 1981 Code, but that "[n]o one had lodged a successful article III, section 29 challenge to the legislation before the 1981 Code was issued." *Mabry*, 460 N.W.2d at 475. We thus held that because that defendant failed to challenge the legislation prior to codification, any alleged defect in the legislation based on the single subject rule was cured at the time the amendment was incorporated into the Code. *Id.* We therefore did not reach the merits of defendant's claim that the challenged legislation violated the single subject requirement.

others, or whether only an appellate court ruling is sufficient. Our prior decisions provide some guidance, however, to these questions.

We said in *Tabor v. State*, 519 N.W.2d 378, 380 (Iowa 1994), that "[t]he codification process only cuts off a right of constitutional challenge under Article III, section 29 if no one has lodged such a challenge before codification is complete." Thus, "[i]f some litigant does lodge a constitutional challenge prior to codification of the flawed legislation and prevails, then the resulting invalidation of the statute inures to the benefit of other persons adversely affected by the legislation." *Id.*

■ These statements were made in reference to our prior decision in *Giles v. State*, 511 N.W.2d 622, 625 (Iowa 1994), where we held that former Iowa Code section 663A.9, now codified at Iowa Code section 822.9, which restricted review of prison disciplinary proceedings to a certiorari procedure, violated the title requirement of article III, section 29. We interpret our language in *Tabor* to mean that in order to take advantage of a successful article III, section 29 challenge brought by *another* party in unrelated proceedings the previous decision must be one that is made by an *appellate* court that would be binding on all courts in the state, and not merely a decision of a district court without authority to bind other courts throughout the state.

Applying this rule, we conclude that Judge Newmeister's January 24, 1997 order in the separate *Laton* case holding section 68 unconstitutional does not inure to the benefit of defendants herein. To conclude otherwise would mean that an unappealed district court decision in one county finding a statute violative of the single subject rule would hold open the door for single subject challenges at any later time, in any other district court, and in any other case.

We acknowledge that the proponent of a statute can avoid having a successful *district court* challenge be the basis for preserving the constitutional issue in future cases simply by not appealing the district court decision. In this way, an appellate decision holding the statute unconstitutional can be avoided. Despite this possibility, we think the practical

ramifications of a contrary ruling are even less desirable. If a successful district court challenge is sufficient, there will inevitably be inconsistency in the treatment accorded similarly situated defendants. That is because there is no central repository for district court decisions and, therefore, the existence of the successful challenge will not be universally known. In addition, as we have already mentioned, a district court decision would not be binding on other district courts. *See* 21 C.J.S. *Courts* § 153, at 189 (1990) (court is not bound, under the principle of stare decisis, to follow the decisions of another court whose authority is coordinate); 20 Am.Jur.2d *Courts* § 165, at 446 (1995) (a court's decision has stare decisis effect upon a lower court but not upon a higher court). For these reasons, we think only an *appellate* court ruling can preserve the constitutional challenge for other litigants.

■ We note that in *Taylor*, 557 N.W.2d at 526, we stated that defendant properly preserved his single subject rule challenge because he raised the issue by way of a motion to adjudicate law points filed *after* the law's effective date, July 1, 1994, but *before* its codification in 1995 as Iowa Code section 724.16A (1995). Thus, Taylor's challenge was made within the proper window of time. Nothing we conclude in this case conflicts with our decision in *Taylor* concerning the timeliness of making a single subject rule challenge. This is because the defendant in *Taylor* himself raised the issue in those same proceedings and was not, as defendants are here, trying to take advantage of a single subject rule challenge brought by another party in an entirely different proceeding. Thus, an appellate court ruling concerning a single subject challenge is not required when raised in a timely manner by the party within those same proceedings.

D. In summary, we conclude that an unappealed decision of a district court, holding that a particular statute violates the single subject requirement, which is not binding on any other district courts or appellate courts, does not inure to the benefit of a party in a separate proceeding. Accordingly, Judge Newmeister's January 24, 1997 order in the

*Laton* case holding Iowa Code section 901.5(10) unconstitutional based on a single subject rule violation does not inure to the benefit of defendants herein, who filed their challenge after the statute was codified.

Because there was no appellate court ruling holding Iowa Code section 901.5(10) unconstitutional, there is no decision from which defendants may benefit for purposes of lodging a single subject rule challenge to section 68 after its codification in the 1997 Code. Accordingly, any defect in subject matter was cured by codification as far as these defendants are concerned. The district court therefore acted illegally in refusing to revoke defendants' driver's licenses.

Accordingly, we need not consider the merits of defendants' claim that Iowa Code section 901.5(10) violates the single subject requirement. *Cf. Mabry,* 460 N.W.2d at 475 (defendant failed to challenge legislation prior to codification and thus any alleged constitutional defect was cured).

### IV.  Disposition.

We conclude that defendants failed to bring an article III, section 29 challenge to Iowa Code section 901.5(10) prior to its codification. There is no appellate court decision holding that Iowa Code section 901.5(10) violates the single subject requirement of article III, section 29 of the Iowa Constitution from which defendants may benefit. Any defect regarding the subject matter of the legislation now codified at Iowa Code section 901.5(10) was cured by codification before defendants raised their single subject rule challenge. The district court acted illegally in refusing to revoke defendants' driver's licenses pursuant to Iowa Code section 901.5(10). We therefore sustain the writ of certiorari.

**WRIT SUSTAINED.**

All justices concur except CARTER, J., who takes no part.