# IN THE COURT OF APPEALS OF IOWA

No. 19-1023
Filed March 3, 2021

**DEMARKUS WAYNE RUCKMAN,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

The applicant appeals the denial of his second application for postconviction relief. **AFFIRMED.**

William P. Baresel of Prichard Law Office, PC, Charles City, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., and Mullins and Greer, JJ.

**GREER, Judge.**

Demarkus Ruckman appeals the denial of his second application for postconviction relief (PCR) stemming from a 2013 guilty plea and conviction for third-degree kidnapping and assault with intent to commit sexual abuse. Ruckman makes claims under the umbrella of ineffective assistance of counsel. Ruckman argues trial counsel failed to ensure the district court addressed or informed Ruckman of various aspects of his guilty plea during the colloquy: (1) criminal penalty surcharges under Iowa Code section 911.1 (2013); (2) fees relating to the sex offender registry[1]; and (3) his right to a bench trial under Iowa Rule of Criminal Procedure 2.8(2)(b)(4). Next, Ruckman faults his trial counsel for failing to challenge the court's decision to allow the State prosecutor to recite the minimum and maximum punishments available at sentencing during the plea colloquy. Ruckman further asserts the district court failed to explain its reasoning for imposing consecutive sentences, as required by rule 2.22(3)(d) and trial counsel should have argued for them to run concurrently. Ruckman also requests we apply a new constitutional standard related to his plea complaints. And finally, he faults his previous PCR counsel for failing to make the arguments asserted in this appeal at the first PCR trial.

**Factual Background and Earlier Proceedings.**

Ruckman was originally charged with second-degree sexual abuse,[2] a class "B" felony, in April 2013. Pursuant to a plea agreement, the State reduced the

---

[1] Ruckman knew he had to register as a sex offender pursuant to his plea agreement but claims he was not informed of the related fees.
[2] Iowa Code § 709.3 (2013).

charges to third-degree kidnapping,[3] a class "C" felony, and assault with intent to commit sexual abuse,[4] an aggravated misdemeanor. After accepting Ruckman's guilty pleas, the district court sentenced him to a ten-year prison term for the kidnapping charge and a two-year term for assault with intent to commit sexual abuse, both sentences to run consecutively. However, the court suspended both sentences and placed Ruckman on probation for a period of five years, conditioned on placement at Fort Des Moines Correctional Facility. The court also imposed a special sentence of ten-year parole, imposed and suspended the minimum fines with surcharges, and ordered Ruckman to pay the civil penalty for the sex offender registry.

Later, in May 2014, Ruckman's probation was revoked and the court imposed the suspended prison sentence. Ruckman's first application for PCR followed in March 2015, alleging trial counsel "coerced and misled" him into pleading guilty. *Ruckman v. State*, No. 16-1029, 2017 WL 2684344, at *1 (Iowa Ct. App. June 21, 2017). His application was denied after an evidentiary hearing in May 2016.

In August 2017, Ruckman filed this second PCR application, raising eight claims of ineffective assistance of trial counsel and two claims of ineffective assistance of PCR counsel. The central theme of all claims involved the plea process. The district court denied all claims in June 2019, after evaluating the testimony and arguments from the hearing. This appeal followed.

---

[3] Iowa Code § 710.4.
[4] Iowa Code § 709.11(3).

**Standard of Review.**

"Generally, an appeal from a denial of an application for postconviction relief is reviewed for correction of errors at law." *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016) (citation omitted). However, because ineffective-assistance-of-counsel claims are based on the constitutional guarantees of the effective assistance of counsel found in the Sixth Amendment of the United States Constitution and article I, section 10 of the Iowa Constitution, such claims are reviewed de novo. *Id.* We now address Ruckman's claims.

**Analysis.**

At the onset, Ruckman now raises five claims of ineffective assistance of his trial counsel and a claim of ineffective assistance against his PCR counsel. All claims again relate to issues with the plea. "[T]o succeed on a claim of ineffective assistance of counsel, [an applicant] must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "'We begin with the presumption that the attorney performed competently' and 'avoid second-guessing and hindsight.'" *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011) (citation omitted). The applicant must prove both elements by a preponderance of the evidence; if the applicant fails to prove one of the elements the claim fails and we need not address the other. *Ledzema v. State*, 626 N.W.2d 134, 143 (Iowa 2001).

To show prejudice, "the applicant must demonstrate 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at

694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 698. "In the context of a guilty plea, an applicant for postconviction relief must prove 'a reasonable probability that, but for counsel's alleged errors, he [or she] would not have plead guilty and would have insisted on going to trial.'" *State v. Carrol*, 767 N.W.2d 638, 641 (Iowa 2009) (alteration in original) (citation omitted)). "Under Iowa law, we should look to the cumulative effect of counsel's errors to determine whether the defendant satisfied the prejudice prong of the *Strickland* test." *State v. Clay*, 824 N.W.2d 488, 500 (Iowa 2012).

### A. Ineffective Assistance of Trial Counsel.

We start with Ruckman's claims against his trial counsel.[5] Like his first application for PCR, Ruckman's complaints center on the alleged uninformed nature of his plea. Thus, a review of our findings from Ruckman's first appeal regarding denial of PCR is appropriate. Addressing the voluntariness of the plea, a panel of our court confirmed

> Ruckman's attorney acted competently in apprising Ruckman of "what we believe the facts will be at trial" and "the risks and the benefits" of pleading guilty. On our de novo review, we find scant if any evidence that she coerced Ruckman into entering a guilty plea to third-degree kidnapping and assault with intent to commit sexual abuse in lieu of going to trial on a charge of second-degree sexual abuse. *To the contrary, she gave Ruckman all the information he needed to make an informed decision about whether to go to trial or accept the plea offer. Ruckman accepted the offer and, in the*

---

[5] Ruckman argues trial counsel failed to: (1) ensure the court addressed the criminal penalty surcharges and sex offender registration fees; (2) require the court, rather than the State to recited the minimum and maximum punishments; (3) argue for concurrent sentences and require the court to explain the differences between consecutive and concurrent; (4) inform him of his right to a bench trial and (5) challenge the court's reasoning for imposing consecutive sentences.

*attorney's recollection, "never" expressed a desire "to back out of the deal."*

*Ruckman*, No. 16-1029, 2017 WL 2684344, at *2 (emphasis added). So to the extent Ruckman alleges he did not understand his plea due to failures of trial counsel, we apply the law of the case and confirm he had "all information he needed to make an informed decision" between his plea and going to trial. *See State v. Di Paglia*, 78 N.W.2d 472, 472-73 (Iowa 1956) (finding "matters necessarily involved in the determination of a question are settled by the opinion when such matters are again presented on a subsequent appeal").

Throughout Ruckman's brief, he lists multiple claimed deficiencies of trial counsel, but even after examining all claims both individually and cumulatively, we conclude Ruckman failed to establish the prejudice prong of *Strickland.* So we chose to decide the case under the second *Strickland* prong analysis. Under the prejudice prong, Ruckman must prove a reasonable probability that, but for trial counsel's alleged failures, he we would have insisted on going to trial.[6] *Castro v. State*, 795 N.W.2d 789, 794 (Iowa 2011). The probability of a different result must

---

[6] In the second PCR hearing Ruckman demonstrated a clear understanding of the benefits of his plea, contrary to the claims he presents in this appeal:

> Q. All right. And so the prosecutor ended up giving you an offer that would allow you to argue for probation; right? A. Yes.
> Q. They said that if you plead to kidnapping third and assault with intent, that you could—or that the sentences would run consecutive but that you could ask for probation; right? A. Yes.
> Q. That was the deal that you reached with the State; right? A. Yes.
> Q. And you ultimately did receive probation by the Court; right? A. Yes.
> Q. So it seemed like a pretty good outcome at the time, didn't it? A. Yes.

be "'sufficient to undermine confidence in the outcome.'" *Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008) (quoting *State v. Reynolds*, 746 N.W.2d 837, 845 (Iowa 2008).

Other than a conclusory statement in his reply brief[7] that "Defendant believes he was prejudiced and that he would not have plead guilty knowing the consequence of his plea," Ruckman does not explain how any of trial counsel's alleged errors resulted in prejudice. *See State v. Tate*, 710 N.W.2d 237, 241 (Iowa 2006) ("'[C]onclusory claims of prejudice' are not sufficient to satisfy the prejudice element."). So although Ruckman raised the *Strickland* test, he did little more than mention it. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) (holding appellate courts will not speculate on arguments a party "might have made and then search for legal authority and comb the record for facts to support such arguments"). Without this showing, Ruckman cannot succeed. "The court always has the option to decide the claim on the prejudice prong of the *Strickland* test, without deciding whether the attorney performed deficiently." *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) (citation omitted).

On this record, trial counsel secured Ruckman a favorable plea deal and convinced the court to suspend both sentences and order a term of probation rather than imprisonment. She did this in compliance with the terms of the plea agreement to which Ruckman agreed. Because on its face, no prejudice is shown and without a developed argument from Ruckman about how he was prejudiced, his claims against trial counsel fail. Even after drilling into the PCR hearing record,

---

[7] "We have repeatedly held we will not consider issues raised for the first time in a reply brief." *State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009) (citations omitted).

Ruckman directed the court to his attorney's recommendation to plead guilty versus his belief in his innocence, as opposed to a showing of objective evidence of prejudice from his current complaints. Thus, his testimony sounded strikingly similar to his position in the first PCR trial that he was "coerced" into pleading guilty by counsel. We have already addressed that angle. Ruckman's *Strickland* burden was not met.

**B. Ineffective Assistance of PCR Counsel.**

Ruckman asks us to adopt a "new constitutional standard presuming prejudice." He frames the standard by suggesting that "considering the argument in Weitzel, [we] . . . should assume prejudice if prior counsel fails to assure court compliance with Iowa R. Crim. P. 2.8 and fails to advise their client of an essential fact to his plea, undermining the knowing, intelligent, and voluntary nature of the plea." We decline the invitation to go rogue and leave that suggestion for the consideration of our supreme court. Besides, Ruckman did not raise this issue before the district court. As a general rule, "[i]ssues not raised before the district court, including constitutional issues, cannot be raised for the first time on appeal." *State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997).

As with the claims asserted against trial counsel, Ruckman failed to meet the *Strickland* test as to PCR counsel.

**Conclusion.**

Because Ruckman failed to show by a preponderance of the evidence any prejudice under the *Strickland* test, we affirm the denial of his second application for postconviction relief.

**AFFIRMED.**