**IN THE COURT OF APPEALS OF IOWA**

No. 20-1363
Filed September 22, 2021

**BRITTA SADLER,**
        Plaintiff-Appellant,

**vs.**

**WILLIAM BAUER,**
        Defendant-Appellee.
_____

Appeal from the Iowa District Court for Sac County, Gina C. Badding,
Judge.

Britta Sadler appeals the district court order denying her petition to set aside
paternity. **AFFIRMED.**

Maura Sailer of Reimer, Lohman, Reitz, Sailer & Ullrich, Denison, for
appellant.

William Bauer, Glidden, self-represented appellee.

Considered by Mullins, P.J., May, J., and Scott, S.J.* Badding, J., takes no
part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2021).

**MAY, Judge.**

Britta Sadler appeals the district court's denial of her petition to disestablish William Bauer's paternity pursuant to Iowa Code section 600B.41A(3)(f) (2019). We affirm. *See In re Hendrickson*, No. 13-0540, 2013 WL 6388649, at *1 (Iowa Ct. App. Dec. 5, 2013) (noting our review is for corrections of errors at law, relying on *Callender v. Skiles*, 591 N.W.2d 182, 184 (Iowa 1999)); *see also Dye v. Geiger*, 554 N.W.2d 538, 539 (Iowa 1996) ("That means, of course, we are bound by the district court's factual findings that are supported by substantial evidence.").

Britta is M.M.B.'s mother. M.M.B. was born in 2014. Britta met William in 2016. They began dating in 2017. In spring 2018, "after William had been living" with Britta, M.M.B., and Britta's other daughter "for a few months, Britta and William signed a paternity affidavit pursuant to Iowa Code section 252A.3A." By doing so, Britta and William "established William as" M.M.B.'s father. "They did this even though they both knew William was not the biological father."

Britta testified her relationship with William was "good" before they signed the affidavit. But after the affidavit was signed, she claimed, the relationship changed. He became abusive. After a particularly bad night in October 2019, William and Britta separated. William has not seen or talked to M.M.B. since then.

In November, Britta filed a petition to overcome paternity pursuant to Iowa Code section 600B.41A, which provides in relevant part:

> 3. Establishment of paternity may be overcome under this section if all of the following conditions are met:
> . . . .
> f. The court finds all of the following:
> (1) That the conclusion of the expert as disclosed by the evidence based upon blood or genetic testing demonstrates that the established father is not the biological father of the child.

> (2) If paternity was established pursuant to section 252A.3A, the signed affidavit was based on fraud, duress, or material mistake of fact, as shown by the petitioner.

Genetic testing then confirmed what the parties already knew—there was a zero percent chance William was the biological father of M.M.B. So the case proceeded to trial on the question of whether—in the words of section 600B.41A(3)(f)(2)—the "signed affidavit was based on . . . duress." The district court concluded it was not. Accordingly, the court denied Britta's petition. Britta then filed a motion to amend and enlarge. She claimed (1) the affidavit had been based on fraud against her;[1] (2) the affidavit had been based on fraud against "the state, the biological father, and the child"; and, moreover, (3) section 600B.41A is unconstitutional. The district court denied the motion. This appeal followed.

We conclude Britta has not shown reversible error. And we have little to add to the district court's thoughtful, well-written orders. In brief summary, we conclude: (1) substantial evidence supports the district court's finding that the affidavit was not based on duress; (2) substantial evidence supports the district court's finding that the affidavit was not based on fraud against Britta; (3) we agree with the district court that Britta's claims of fraud against others are foreclosed by our decision in *Hendrickson*, 2013 WL 6388649, at *4; (4) although *Henrickson* is unpublished, we see no good grounds to abandon it, *see State v. Shackford*, 952 N.W.2d 141, 149–50 (Iowa 2020) (McDonald, J., dissenting) ("The mere fact that

---

[1] The district court noted a question as to whether Britta's fraud claims were properly before the court. Her petition raised only the issue of duress, not fraud. In ruling on Britta's motion to amend and enlarge, however, the district court assumed "without deciding that Britta's reference in her closing argument was sufficient to present" the fraud issue. We follow the same path.

the opinion is unpublished does not give this court license to disregard its own work."); and (5) we decline to address Britta's constitutional challenge to Iowa Code § 600B.41A because—as the district court properly noted—the issue was "raised for the first time in Britta's post-trial motion and," therefore, was "not properly before" the district court or this court. *See State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997) ("A party challenging a statute on constitutional grounds must do so at the earliest available time in the progress of the case."); *Manatt's Inc. v. Tanam Real Est., LLC*, No. 19-0156, 2020 WL 5229173, at *3 (Iowa Ct. App. Sept. 2, 2020) ("A motion pursuant to rule 1.904(2) is not properly used as a method to introduce a new issue not previously raised before the court.").

**AFFIRMED.**