Jesse Cruz **VERA,** Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16591.

United States Court of Appeals
Eighth Circuit.

March 16, 1961.

Jesse Cruz Vera, pro se.

Edward L. Scheufler, U. S. Atty., and Clark A. Ridpath, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before WOODROUGH, VAN OOSTERHOUT, and MATTHES, Circuit Judges.

WOODROUGH, Circuit Judge.

On October 17, 1957, appellant was sentenced on his plea of guilty to Counts II and III of an indictment which charged him in Count II with receiving, concealing and facilitating the transportation on March 18, 1957, of 47 grains of heroin in violation of 21 U.S.C.A. § 174 and in Count III with purchasing on the same date 47 grains of heroin in violation of 26 U.S.C. § 4704(a). The periods of appellant's commitment to the custody of the Attorney General were five years on Count II and two years on Count III to run concurrently. Appellant is now confined at the Medical Center for Federal prisoners at Springfield, Missouri, having been received there from a Texas institution on May 1, 1958. He is a tuberculosis patient. He applied for a writ of habeas corpus to Judge Duncan on July 1, 1960, alleging that he had served more than one third of his term and that he was entitled to parole under 18 U.S.C. § 4202, but that he was wrongfully denied it, and wrongfully denied access to the Parole Board for a hearing thereon in violation of his constitutional rights, and he was subjected to cruel and unusual punishment. Judge Duncan denied the writ and this appeal from his order is taken in forma pauperis.

Judge Duncan relied on 26 U.S.C. § 7237 which excludes suspending sentence, probation or release on parole for first time narcotic offenders in terms as follows:

Section 7237. Violation of laws relating to narcotic drugs and to marihuana.

"(d) No suspension of sentence; no probation; etc. Upon conviction——

(1) of any offense the penalty for which is provided in subsection (b) of this section, subsection (c), (h), or (i) of section 2 of the Narcotic Drugs Import and Export Act, as amended, or such Act of July 11, 1941, as amended, or

(2) of any offense the penalty for which is provided in subsection (a) of this section, if it is the offender's second or subsequent offense, the imposition or execution of sentence shall not be suspended, probation shall not be granted, section 4202 of title 18 of the United States Code shall not apply, and the Act of July 15, 1932 (47 Stat. 696; D.C. Code 24–201 and following), as amended, shall not apply."

The above quoted subsection, when referring to "subsection (c), (h) or (i) of section 2 of the Narcotic Drugs Import and Export Act, as amended," is describing Title 21 U.S.C.A. § 174, which is the section under which appellant was sentenced and for which he is presently confined. Title 26 U.S.C. § 7237 was in force and applicable on the date when appellant committed the offenses for which he was sentenced.

■ Appellant has stressed that he was not found to be a second time or multiple time offender against the narcotic laws, but it is clear that 26 U.S.C. § 7237(d) forbids suspended sentence, probation or the parole provided in 18 U.S.C. § 4202 for first time offenders and that second time and repeating offenders are to be even more severely dealt with. We are in accord with Lathem v. United States, 5 Cir., 259 F.2d 393.

■■ Appellant's contention that deprivation of the parole accorded under 18 U.S.C. § 4202 and continued confinement under his sentence constitutes cruel and unusual punishment is without merit. Such confinement is usual punishment. The discretionary granting of parole is a matter of legislative grace. The denial of it to certain offenders is within legislative discretion.

The judgment appealed from is Affirmed.