STATE of Iowa, Appellee,

v.

Carmen HALL, Appellant.

No. 57058.

Supreme Court of Iowa.

March 19, 1975.

Comito, Roehrick & Vincent, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

Defendant Carmen Hall was charged, tried and convicted of delivery of a Schedule II controlled substance, cocaine, contrary to section 204.401(1), The Code, 1973. Pursuant to the statute the trial court sentenced her to confinement in the women's reformatory for a period not to exceed ten years.

Chapter 295, section 1, Acts 65 G.A., First Session, now section 789A.1, The Code, 1975, defines those instances in which trial court may grant probation in the form of either a deferred judgment or suspended sentence. The statute specifically precludes a grant of probation where the crime is treason, murder or violation of Code section 204.401(1) or (2) in which section 204.409(2) (allowing commitment for medical treatment where defendant is addicted to, dependent upon, or a chronic abuser of any controlled substance) is not applicable, and which is not proved to be an accommodation offense under section 204.410.

On this appeal defendant assigns as error trial court's denial of her motion to dismiss. In that motion and here she contends the statute, now section 789A.1, requiring mandatory imprisonment for individuals guilty of Code sections 204.401(1) and (2) violations, denies her equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and, when coupled with the penalty provisions of section 204.401, imposes cruel and unusual punishment in contravention of the Eighth Amendment to the United States Constitution.

I. Defendant does not contend or cite any authority and our research has not revealed any authority indicating criminal defendants constitute a suspect category or that eligibility for probation is a fundamental right. Indeed, the legislature has power to determine in what instances, if any, probation should be an alternative to imposition of sentence. Cole v. Holliday, Iowa, 171 N.W.2d 603, 605; State v. Cole, Iowa, 168 N.W.2d 37, 39–41; Pagano v. Bechley, 211 Iowa 1294, 1297–1298, 232 N.W. 798, 799; Williams v. Illinois, 399 U.S. 235, 241, 90 S.Ct. 2018, 26 L.Ed.2d 586, 593 (A State has a wide latitude in fixing punishment for State crimes).

In State v. Vietor, Iowa, 208 N.W.2d 894, 898, we quote this from State ex rel. Fletcher v. District Court, 213 Iowa 822, 835, 836, 238 N.W.2d 290, 296:

"The legislature is in the exercise of its very proper power and duty in defining crime and prescribing the method of procedure for its punishment."

Defendant has therefore assumed a heavy burden as the following propositions are well established. Ordinarily statutes regularly enacted by the legislature will be accorded a strong presumption of constitutionality and all reasonable intendments must be indulged in favor of the legislation attacked. One who challenges legislation on constitutional grounds has the burden to negate every reasonable basis upon which the statute may be sustained. Where the constitutionality of a statute is merely doubtful or fairly debatable, the courts will not interfere. Thus a statute will not be declared unconstitutional unless it clearly, palpably and without doubt, infringes the Constitution. Keasling v. Thompson, Iowa, 217 N.W.2d 687, 689; State v. Kueny, Iowa, 215 N.W.2d 215, 216, 217, and citations.

The judicial branch of the government has no power to determine whether the legislative Acts are wise or unwise, nor has it the power to declare an Act void unless it is plainly and without doubt repugnant to some provision of the Constitution. Keasling v. Thompson, supra; Gra-

ham v. Worthington, 259 Iowa 845, 850, 146 N.W.2d 626, 631.

II. The main thrust of defendant's equal protection argument is classification. She argues section 789A.1 as applied to drug violations is arbitrary and capricious, not only in application, but on its face.

■ The legislature is given wide discretion in defining the limits of classes when a statute involves classification of persons or things. If a classification is reasonable and operates equally upon all within the class, it is a valid classification. Keasling v. Thompson, supra; Brown Enterprises, Inc. v. Fulton, Iowa, 192 N.W.2d 733, 776 and citations.

In Lunday v. Vogelmann, Iowa, 213 N.W.2d 904, 907, we say:

"[T]he classification must be sustained unless it is patently arbitrary and bears no rational relationship to a legitimate governmental interest. *Id.* It does not deny equal protection simply because in practice it results in some inequality; practical problems of government permit rough accommodations; and the classification will be upheld if any state of facts reasonably can be conceived to justify it. Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491, 501–502 (1970). The legislature has wide discretion in deciding classifications. Cedar Mem. Park Cem. Ass'n v. Personnel Assoc., Inc., 178 N.W.2d 343, 350 (Iowa 1970.) * * *."

■ The legislature has broad police power to regulate drug traffic. State v. Smith, Iowa, 219 N.W.2d 655, 657. The evils of narcotic traffic have prompted the grave concern of government. Robinson v. California, 370 U.S. 660, 667, 82 S.Ct. 1417, 8 L.Ed.2d 758, 763.

■ Thus it is clear deterrence of drug abuse and traffic is a legitimate governmental interest. The imposition of a mandatory prison sentence of all violators of drug-trafficking offenses enumerated in the statute, now section 789A.1, cannot be said to lack a rational relationship to the legitimate governmental interest of deterrence of drug abuse and sales. Defendant's several arguments the statute violates equal protection rights are unconvincing.

We hold the statute, now section 798A.1 does not violate defendant's equal protection rights under the constitution.

This holding finds support in the decisions of other jurisdictions upholding statutes precluding the availability of probation upon conviction of drug-related offenses. Sperling v. Willingham, 7 Cir., 353 F.2d 6; United States v. Sierra, 2 Cir., 297 F.2d 531; State v. Howard, 262 La. 270, 263 So.2d 32, 35; Doyle v. State, Okl.Cr., 511 P.2d 1133. See also State v. Duffy, 54 Wis.2d 61, 194 N.W.2d 624 (statute imposing mandatory five-day jail sentences upon conviction of operating motor vehicle while driver's license revoked not violative of equal protection guarantee); People v. Dixon, 400 Ill. 449, 81 N.E.2d 257 (statute precluding grant of parole for those convicted of treason, murder, rape or kidnapping not violative of equal protection guarantee).

■ III. Defendant also asserts her mandatory ten-year indeterminate sentence constituted cruel and unusual punishment in violation of the Eighth Amendment. As we understand her argument her contention is not based on the possible length of her confinement but rather on the fact bench probation is denied by statute. We have not heretofore been called upon to decide that issue.

Several other jurisdictions however have held statutory denial of probation or parole to narcotic offenders does not constitute cruel and unusual punishment. United States v. Fiore, 2 Cir., 467 F.2d 86; United States v. Ross, 2 Cir., 464 F.2d 376; United States v. Williams, 143 U.S.App.D.C. 16, 442 F.2d 738; United States v. Lozaw, 2 Cir., 427 F.2d 911; United States v. Drotar, 5 Cir., 416 F.2d 914; United States v. Ward, 7 Cir., 387 F.2d 843; Sperling v. Willingham, 7 Cir., 353 F.2d 6; Vera v. United States, 8

Cir., 288 F.2d 25; Gallego v. United States, 9 Cir., 276 F.2d 914; Lathem v. United States, 5 Cir., 259 F.2d 393; State v. White, 254 La. 389, 223 So.2d 843.

Defendant has failed to establish chapter 295, section 1, Acts 65 G.A., First Session, now section 789A.1, The Code, 1975, violates either Amendment Eight or Fourteen to the United States Constitution. The judgment of the lower court must therefore be affirmed.

Affirmed.