# IN THE COURT OF APPEALS OF IOWA

No. 15-0123
Filed May 6, 2015

**IN THE INTEREST OF D.R., D.R.,
D.R., D.R., and M.W.,
    Minor Children,**

**M.R., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Annette Boehlje, District Associate Judge.

A mother appeals from termination of her parental rights. **AFFIRMED.**

Jesse M. Marzen of Marzen Law Office, Waverly, for appellant.

Thomas J. Miller, Attorney General, Diane M. Stahle, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and Nichole Benes, Assistant County Attorney, for appellee.

Richard Tompkins of Tompkins Law Office, Mason City, for father.

Crystal Ely of Young Law Office, Mason City, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

A mother appeals from orders terminating her parental rights to five children, D.R., D.R., D.R., D.R., and M.W. She argues the evidence does not support termination pursuant to Iowa Code section 232.116(1)(f) (2013); termination was not in the children's best interests; and the court should have applied a statutory exception to prevent termination. We affirm.

## I.     BACKGROUND FACTS AND PROCEEDINGS.

The children have three different fathers. D.A. is the father of the three middle children, D.R., D.R., and D.R. W.R. is the father of the oldest child, D.R. J.W. is the father of M.W.[1] At the time of the initial removal, the mother was living with J.W. The children were removed when the mother and J.W. were using illegal drugs in front of the children and there were incidents of domestic violence between them and in front of the children. There was drug paraphernalia within sight and reach of the children. The children described the parents using drugs in the home.

In July 2013, the children were adjudicated in need of assistance pursuant to Iowa Code section 232.2(6)(c)(2). The court ordered the children to remain with the mother. J.W. left the home at that time. The children were removed from the mother's care in September 2013 when the mother invited J.W. to have unsupervised contact with the children, contrary to the court's adjudication order. They have been out of the mother's care since September 2013. The three middle children, D.R., D.R., and D.R., were placed with their father, D.A. The

---

[1] The court also terminated the parental rights of W.R. to the oldest child, D.R., and those of J.W. to M.W. Those terminations are not the subject of this appeal.

oldest child, D.R., also was placed with D.A. M.W. was placed with his paternal aunt.

The court ordered the mother to participate in services including substance abuse treatment, random drug testing, individual therapy, parenting classes, and couples' counselling with J.W. The mother completed a parenting class. She and J.W. never attended couples' counselling. After a substance abuse evaluation, counselors recommended the mother be in substance abuse treatment for up to one year with random drug testing. The mother never completed substance abuse treatment. She planned to enter one outpatient program but was unsuccessfully discharged due to missed sessions. She then agreed to begin a different intensive outpatient program, but just before it started, she wrote a note to her counselor stating she did not need substance abuse treatment and she did not have a drug problem. She was admitted to a third program but discharged unsuccessfully again after missing a drug check. Of fifty-four random and scheduled drug tests, the mother missed twelve and tested positive in twenty-nine for various substances, including alcohol, THC, opiates, and benzodiazepine. The mother was unsuccessfully discharged from family treatment court because of her failure to follow through with treatment requirements. The mother has attended individual therapy inconsistently. She attended five out of nine individual therapy sessions before quitting and, after unsuccessful discharge from the last substance abuse program, she attended three of four scheduled sessions.

The mother was consistent in attending visitation. However, her visitations with all five children were unstructured and chaotic. The mother was unable to handle their behavioral problems. She had a very difficult time seeing to all their needs at once. She frequently relied on her parents to assist her with the children during visitations. At the termination hearing, the social worker testified the visitations never progressed beyond fully-supervised. She also stated the mother would not be able to manage the children even for a brief period on her own, and the worker would not be comfortable allowing the mother to have unsupervised visitation.

After the final removal in September 2013, the mother continued to live in her apartment. J.W. moved into the apartment at that time, but then moved out around January 2014. J.W. and the mother remained in an on-again, off-again intimate relationship until around April 2014. In May 2014, the mother moved out of her apartment and into her parents' two-bedroom house. She continued to live there at the time of the termination hearing. She admitted the home had no room for the children. She claimed she was eligible for housing assistance but failed to follow through in obtaining housing appropriate for the children.

The children have been doing well in their placements. D.A. has been providing a stable home with rules and a structured routine that the children know and follow. The children are all generally healthy, although some have special needs. The four children placed with D.A. each require and are receiving some additional assistance and tutoring at school. D.A. and M.W.'s paternal aunt is seeing to their medical and mental health needs. The children participate in

individual therapy. M.W. has interactions with his other siblings on a regular basis. M.W. appears to be comfortable in his paternal aunt's home and has a strong connection with her. He appears to be adjusting well to his placement and is developmentally on target.

In September 2014, a year after the removal, the juvenile court ordered the State to file a petition for termination of parental rights. At the termination hearing, the social worker testified that, although any child going through a termination of parental rights will experience some difficulty, the children here are comfortable and established in their placements and they would continue to do well in their placements after termination of parental rights. The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f). The mother appeals, contending the evidence does not support termination, termination was not in the children's best interests, and the court should have applied a statutory exception to prevent termination.

## II. STANDARD OF REVIEW.

We review termination-of-parental-rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the factual determinations of the juvenile court, especially with regard to witness credibility, but are not bound by them. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). Our primary consideration is the best interest of the child. *Id.* at 776.

## III.  ANALYSIS.

### A.  Statutory Grounds For Termination.

We will uphold termination of parental rights where there is clear and convincing evidence of the statutory grounds for termination.  *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).  Evidence is clear and convincing when there are no serious or substantial doubts as to the correctness of conclusions of law drawn from the evidence.  *Id.*  We need only find termination proper under one ground to affirm.  *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

To terminate parental rights under section 232.116(1)(f), the State must show by clear and convincing evidence the child is four years of age or older; has been adjudicated in need of assistance; has been removed from the physical custody of the parents for at least twelve of the last eighteen months, or the last twelve consecutive months; and there is clear and convincing evidence that at the time of the termination hearing the child could not be returned to the parent's custody as provided in section 232.102.  The mother argues the State failed to establish that the children cannot be returned to the mother because doing so would subject the child to adjudicatory harm.   The fourth element of the termination ground set out in section 232.116(1)(f) is met when the child cannot be returned to the parental home because the definitional grounds of a child in need of assistance exist.  *In re R.R.K.*, 544 N.W.2d 274, 277 (Iowa Ct. App. 1995).  If any one of the grounds listed in section 232.2(6) can be proved by clear and convincing evidence, there is sufficient basis to satisfy the fourth element of section 232.116(1)(f) for termination.  *Id.*

The juvenile court adjudicated the children in need of assistance under Iowa Code section 232.2(6)(c)(2). A child in need of assistance under section 232.2(6)(c)(2) is one "[w]ho has suffered or is imminently likely to suffer harmful effects as a result of . . . [t]he failure of the child's parent . . . to exercise a reasonable degree of care in supervising the child." The court found the mother was using drugs in the home regularly at night, and the older children described acts of domestic violence in the home. Since the adjudication, little has changed with respect to the risk posed to the children by the mother's drug use. The mother insists the evidence does not show any instance during the visitations where the children were harmed or imminently likely to be harmed. However, the State need not show such an instance existed during the visitations. The mother has not made serious efforts to complete the services the court ordered her to complete. The mother has not, over the life of this case, successfully completed a drug treatment problem, despite multiple attempts. She has not, until recently, recognized that she needs substance abuse treatment. She began but was unsuccessful in three different programs. She was discharged from drug treatment court. She repeatedly tested positive for drugs in drug tests or just did not take them. In fact, negative tests were the exception, not the rule, in this case. The mother's drug use remains a barrier to her being able to exercise a reasonable degree of care in supervising the children, particularly given the difficulty she already experiences in handling them during her visitations. Because her drug issues are unresolved, there continues to be an imminent likelihood that the children would suffer harmful effects if returned to her care.

For that reason, we find the evidence is clear and convincing that the children cannot be returned to her care at this time. Accordingly, we find the evidence supports termination under section 232.116(1)(f).[2]

### B.     Best Interests under Iowa Code Section 232.116(2).

The mother next argues the court erred in finding it was in the children's best interests to terminate parental rights. Under Iowa Code section 232.116(2), in considering whether to terminate parental rights, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." "Insight for the determination of the child's long-range best interests can be gleaned from evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing." *A.B.*, 815 N.W.2d at 778 (internal quotations and citations omitted). A parent does not have unlimited time to correct his or her deficiencies. *In re H.L.B.R.*, 567 N.W.2d 675, 677 (Iowa Ct. App. 1997). Given the mother's substance abuse issues, her inability or unwillingness to participate in services to correct them, and her long string of positive drug tests over the life of this case, we find the risk of harm to the

---

[2] The mother also claims termination is inappropriate because the State failed to prove returning the children to the mother would result in the children not receiving adequate care due to the mother's mental capacity or condition, imprisonment, or drug or alcohol abuse, pursuant to Iowa Code section 232.2(6)(n). Because we find termination was appropriate due to the risk of adjudicatory harm under 232.2(6)(c)(2), we need not address this argument, however, we note that the juvenile court did not adjudicate the children in need of assistance under Iowa Code section 232.(6)(n).

children, their long-term interests, and their special needs all indicate termination of the mother's parental rights is in their best interests.

### C. Application of Statutory Exception under Iowa Code Section 232.116(3).

The juvenile court need not terminate parental rights if it finds any of the statutory exceptions under section 232.116(3) apply. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). The factors weighing against termination are permissive, not mandatory. *A.M.*, 843 N.W.2d at 113. "The court has discretion . . . whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011). Under Iowa Code section 232.116(3)(c), the court may avoid termination if it finds there is "clear and convincing evidence that the termination would be detrimental to the child at the time *due to the closeness of the parent-child relationship*." (Emphasis added).

The mother argues termination of parental rights would be detrimental to the children but makes no argument that the parent-child relationship is close, nor does she cite to any such evidence in the record. She cites the social worker's testimony that the termination would be harmful, but the social worker further testified that although termination of parental rights is difficult for any child, these children were comfortable and established in their placements and would continue to do well after termination of the mother's parental rights. Nonetheless, we find the issue was not preserved for our review.[3]

---

[3] As a general rule, "we will not speculate on the arguments [appellant] might have made and then search for legal authority and comb the record for facts to support such arguments." *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996). In most cases,

**IV.    CONCLUSION.**

Finding clear and convincing evidence that termination is necessary under Iowa Code section 232.116(1)(f) and that termination is in the children's best interests, we affirm the juvenile court's orders terminating the mother's parental rights to all five children.

**AFFIRMED.**

---

appellant's "random mention of an issue, without analysis, argument or supporting authority, is insufficient to raise issue for appellate court's consideration." *State v. Mann*, 602 N.W.2d 785, 788 n.1 (Iowa 1999) (citing *Soo Line R.R. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 689 (Iowa 1994)).