# IN THE COURT OF APPEALS OF IOWA

No. 18-1346
Filed February 6, 2019

**IN THE INTEREST OF C.O.,**
**Minor Child,**

**K.O., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Romonda D. Belcher, District Associate Judge.

The mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Francis P. Hurley of Phil Watson P.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Anagha Dixit and John McCormally (until withdrawal), Assistant Attorneys General, for appellee State.

Karl Wolle of Juvenile Public Defender's Office, Des Moines, guardian ad litem for minor child.

Considered by Vogel, C.J., and Vaitheswaran and Mullins, JJ.

**VOGEL, Chief Judge.**

The mother appeals the termination of her parental rights to C.O., born in August 2017. She argues the State failed to prove by clear and convincing evidence that grounds for termination exist under Iowa Code section 232.116(1)(b), (e), (g), and (h) (2018). In addition, she asserts termination is not in the best interests of the child and the willingness of a relative to assume legal custody precludes termination under Iowa Code section 232.116(3)(a). We find the mother has waived any claim of error under Iowa Code section 232.116(1)(h), the child's best interests are served by terminating the mother's parental rights, and no relative has legal custody of the child to preclude termination.

## I. Background Facts and Proceedings

The Iowa Department of Human Services (DHS) became involved with the family in August 2017, when C.O. tested positive for methamphetamine and amphetamine at birth. The mother admitted to the use of methamphetamine in the week leading up to C.O.'s birth. While C.O. was still in the hospital, the mother left, did not return, and did not participate in a child-abuse assessment. Her whereabouts remained unknown until she was later arrested on several drug-related felony charges in September. The mother has a long history of substance abuse and has previously had her parental rights terminated for two other children.[1]

---

[1] This is the third termination proceeding involving the mother. Her parental rights were first terminated with respect to her oldest child in March 2015. The next termination occurred in August 2016.

The State filed a petition to terminate parental rights in March 2018. A termination hearing was held in two parts: beginning on May 24 and concluding on June 7. On July 24, the district court found the State had proved by clear and convincing evidence the grounds for termination under Iowa Code section 232.116(1)(b), (e), (g), and (h). The mother appeals.[2]

## II.  Standard of Review

We review termination-of-parental-rights proceedings de novo.  *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  "We are not bound by the juvenile court's findings of fact, but we do give them weight . . . ."  *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).  "We will uphold an order terminating parental rights if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116."  *Id.*; *accord* Iowa Code § 232.117(3) ("If the court concludes that facts sufficient to sustain the petition have been established by clear and convincing evidence, the court may order parental rights terminated.").  "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence."  *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

## III.  Grounds for Termination

The district court found the State met its burden of proving grounds for termination under Iowa Code section 232.116(1)(b), (e), (g), and (h).  In the mother's petition, she makes the following argument,

> Iowa Code § 232.116(1)(h) provides that termination is appropriate when a child is less than three years old and has been

---

[2] The father's parental rights were also terminated under Iowa Code section 232.116(1)(b), (e), (g), and (h).  However, the father does not appeal.

removed from the parents' care for at least six of twelve months and cannot be returned. However, Iowa Code § 232.104(2)(b), involving permanency, allows the Court to grant the parents an additional six months in which to continue to participate in services and seek reunification. The hearing on the State's Petition to Terminate Parental Rights was last held on June 7, 2018. Mother could be released by September of 2018. Therefore, the Court could have, and should have, denied the Petition and granted mother the additional six months. In that time, [mother] may have been released from prison and been in a position to reunite with [her] child.

Because the mother fails to argue the grounds of Iowa Code section 232.116(1)(h)[3] have not been met, (specifically that the child could be returned, "at the present time"), we find the mother has waived any claim of error related this ground for termination. *See State v. Mann*, 602 N.W.2d 785, 788 n.1 (Iowa 1999) (noting the mention of an issue without analysis, argument, or supporting authority is insufficient to prompt appellate consideration).[4] The record indicates C.O. is younger than three years, was adjudicated as a child in need of assistance, has not been in the mother's care for any of C.O.'s life, and the mother was incarcerated at the time of the termination hearing with a tentative release date in 2024. Based on this evidence and the mother's failure to provide any argument

---

[3] Paragraph (h) provides termination is warranted if,

The court finds that all of the following have occurred:
(1) The child is three years of age or younger.
(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h).

[4] The mother also fails to offer any facts in support of her claim the State did not prove the grounds under Iowa Code section 232.116(1)(b) or (e). We affirm the district court's findings on these grounds as well.

against such evidence, the State has met its burden of proving grounds for termination. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record.").

## IV. Best Interests of the Child

Finally, the mother argues termination is not in the best interests of the child. She argues our supreme court has recognized a presumption that a child's best interests is served by remaining in the care of the child's biological parents. *See In re T.O.*, 470 N.W.2d 8, 12 (Iowa 1991). Our supreme court in *T.O.* did not declare a presumption and instead found, "[u]nlike many other termination cases, this case is marked by evidence of real and steady progress by [the mother] in improving her parenting skills in order to provide a good home for her children." *Id.* Here, there is no evidence of "real and steady progress" by the mother. *See id.*

In the termination order, the district court found,

> A guardianship is not in the child's best interest, not only due to the child's age, but also given the mother's past behaviors, which are most indicative of future behaviors, and the child's need for permanency. It would be detrimental to the child and not in his best interest to remove him from the only home he has known, which is a long-term commitment, and place him with a person he has never seen and one who cannot assure his safety. The best interests of the child would be served by termination of parents' parental rights.

Considering the child's young age and the mother's total lack of interaction with him since leaving him at the hospital following his birth, we find termination is in the child's best interests.

## V. Nothing in the Record Precludes Termination

The mother next asserts the district court should have found the possibility of relative placement precludes termination. Once the State has proved grounds for termination exist, the parent resisting termination bears the burden of proof to establish a permissive factor precludes termination under Iowa Code section 232.116(3). *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). Iowa Code section 232.116(3)(a) provides a court may decline to terminate parental rights if "[a] relative has legal custody of the child." However, no relative has had legal custody of C.O. at any point. "An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child. The child's best interests always remain the first consideration." *In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997). Therefore, mere willingness of the maternal aunt—who had never seen C.O.—to assume custody is not sufficient to preclude termination. *See id.*

## VI. Conclusion

We conclude the State proved by clear and convincing evidence the grounds for termination of the mother's parental rights, termination is in the best interests of the child, and nothing in the record precludes termination.

**AFFIRMED.**