# IN THE COURT OF APPEALS OF IOWA

No. 18-2227
Filed April 3, 2019

**IN THE INTEREST OF A.M.,**
**Minor Child,**

**C.M., Mother,**
     Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A mother appeals the juvenile court order terminating her parental relationship with her five-year-old daughter. **AFFIRMED.**

Jessica J. Chandler of Chandler Law Offices, Windsor Heights, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Michael Sorci of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**TABOR, Judge.**

A mother, Cynthia, appeals the termination of her parental relationship with her five-year-old daughter A.M. At the October 2018 termination hearing, Cynthia acknowledged she had not fully addressed her methamphetamine use, her mental health issues, her housing instability, her struggles with abusive partners, or her criminal entanglements. These forces resulted in Cynthia losing custody of two other children in May 2018.[1] In October 2018, the State petitioned to terminate Cynthia's parental rights to A.M. under Iowa Code section 232.116(1)(f) and (g) (2018). The juvenile court granted the petition.[2] After an independent review of the record,[3] we agree the State offered ample evidence in support of termination.

When the juvenile court terminates a parent's rights on more than one ground, "we need only find termination appropriate under one of these sections to affirm." *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014). We focus on section 232.116(1)(f). That section requires proof of four elements: (1) the child must be at least four years old; (2) the child must have been adjudicated in need of assistance; (3) the child must have been removed from the home for at least twelve of the last eighteen months, or for the last twelve consecutive months with

---

[1] In addition to those two children and A.M., Cynthia testified she had four other children who were not in her care. She placed her oldest child with an adoptive family when she was sixteen; another child was in the sole custody of his father; two others were in the guardianship of their grandfather. Cynthia told the juvenile court she didn't want to lose A.M. because "[s]he's all I have left."

[2] The father voluntarily consented to termination of his rights and does not appeal.

[3] We review termination-of-parental-rights cases de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). Although we are not bound by the juvenile court's fact findings, we give them weight, particularly on credibility issues. *Id.* Evidence must be clear and convincing to support the termination. *In re A.M.*, 843 N.W.2d 100, 110–11 (Iowa 2014). Evidence is clear and convincing when there are no serious or significant doubts as to the correctness of conclusions of law drawn from the evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

any period at home being less than thirty days; and (4) the child cannot be returned to the home as provided in section 232.102 at the present time. Iowa Code § 232.116(1)(f).

The first three elements are uncontested. A.M. turned five about one month after the termination hearing. The court adjudicated A.M. as a child in need of assistance in April 2017 because Cynthia was using methamphetamine while caring for A.M. and her siblings. The adjudication order noted a history of Cynthia exposing A.M. to domestic violence, unstable housing, mental health issues, as well as substance abuse. A.M. was out of her mother's custody for more than one year by the time of the termination hearing.

On the fourth element, Cynthia now claims A.M. could have been returned to her care. Although Cynthia was in jail on pending theft charges at the time of the termination hearing, she expected to be released in a matter of days or weeks. She testified A.M. could be returned to her care in "maybe two or three months." Cynthia told the court she needed to secure a job, "find someplace stable to stay," and return to substance abuse and mental health treatment.

While Cynthia's goals were laudable, she had too much to accomplish to resume care of A.M. at the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (noting the record did not reveal any evidence the child could be safely returned home "at the time of the termination hearing"). We find termination was proper under paragraph (f).

Without setting out a separate issue, Cynthia mentions in passing that she "does not believe it to be in A.M.'s best interest that [her] rights be terminated, and believes that a guardianship would be the permanency option best suited for A.M."

Such casual allusion to her beliefs does not merit review. *See State v. Mann*, 602 N.W.2d 785, 788 n.1 (Iowa 1999) (explaining random mention of an issue, without elaboration or supporting authority, is insufficient to prompt an appellate court's consideration). But even if Cynthia had squarely presented those issues, they would not merit relief. The record shows moving toward permanency was in A.M.'s best interests because she was "confused after visits with her mother" and was struggling with the uncertainty of the current situation. *See* Iowa Code § 232.116(2) (outlining best-interest test). In addition, our supreme court recently reiterated that guardianships are not preferred over termination as a legal alternative. *In re A.S.*, 906 N.W.2d 467, 476–77 (Iowa 2018).

We find no cause to reverse the juvenile court's decision.

**AFFIRMED.**