**SCHROEDER OIL CO., Appellant,**

v.

**IOWA STATE DEPARTMENT OF REV-
ENUE AND FINANCE, Appellee.**

**No. 89–1139.**

Supreme Court of Iowa.

July 18, 1990.

Arthur A. Neu and Frank J. Comito of
Neu, Minnich, Comito & Hall, P.C., Carroll,
for appellant.

Thomas J. Miller, Atty. Gen., Harry M.
Griger, Sp. Asst. Atty. Gen., and Lucille M.
Hardy, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and
HARRIS, SCHULTZ, NEUMAN and
SNELL, JJ.

HARRIS, Justice.

In this dispute over the assessment of
fuel taxes the taxpayer challenges the con-
stitutionality of a system which fails to
provide either a predeprivation or postde-
privation hearing in the absence of a bond.
We find no constitutional requirement for
the predeprivation hearing but agree with
the taxpayer's challenge with regard to the
absence of an opportunity for a postdepri-
vation hearing.

The Iowa department of revenue and fi-
nance (the department) issued a notice of
assessment against the petitioner, Schroe-
der Oil Co., for delinquent fuel taxes in the
amount of $484,020.85 plus a penalty of
$111,541 and interest of $170,508.02. *See*
Iowa Code ch. 324 (1987) (motor fuel tax
law). Schroeder Oil filed a protest of the
assessment with the department, and the
department answered, waiving further in-
formal proceedings.

Iowa Code section 421.8A provides generally that a person who wishes to dispute a tax assessment must pay all assessments before commencement of a contested case. The statute then provides:

Upon a showing of good cause, the administrative law judge shall allow the person to post a bond in an amount established by the administrative law judge, but not in excess of all tax, interest, and penalty, in lieu of paying all tax, interest and penalty.

As authorized by the statute the Iowa director of revenue and finance implemented section 421.8A by 701 Iowa Administrative Code 7.14(17A)(a), as follows:

Effective for contested case proceedings for unpaid tax, penalty, interest, or fees commenced in response to assessments made on or after January 1, 1987, the taxpayer must pay prior to the commencement of contested case proceedings, all of the assessed tax, penalty, interest, or fees or, upon a showing of good cause, a bond may be posted in lieu of payment of the amount of the assessment that is in dispute.

Schroeder filed an application pursuant to Iowa Code section 421.8A that it "be permitted to post a bond in an amount as determined by the hearing officer." When the department objected to the application Schroeder raised the claim that the bond requirement before a formal hearing was an unconstitutional denial of due process. The hearing officer allowed Schroeder to post a bond in lieu of paying the tax but set it at an amount equal to that claimed by the department.

Schroeder's constitutional challenge was pursued at an administrative hearing but the hearing officer determined that she had no authority to rule on the due process challenge. Upon Schroeder's petition for judicial review the district court upheld the hearing officer's bond order and rejected Schroeder's constitutional challenge. The matter is before us on Schroeder's appeal from that order. Schroeder vigorously contends the upshot is to deny any practical chance for it to dispute the assessment. The assessment is said to be twice Schroeder's net worth and a bond in such an amount is, for Schroeder, unobtainable.

■■■ I. There is a strong presumption of constitutionality of any enactment by the legislature. A person challenging a statute must negate every reasonable basis upon which the statute could be upheld as constitutional. This presumption is especially strong in a taxing statute. *Lee Enters., Inc. v. Iowa State Tax Comm'n*, 162 N.W.2d 730, 739 (Iowa 1968). The Iowa Administrative Procedure Act governs judicial review of a final agency action. Iowa Code § 17A.19 (1989). Section 17A.20 provides for our review of a district court judgment; review is confined to the corrections of errors of law. *Polk Co. Drainage Dist. Four v. Iowa Natural Resources Council*, 377 N.W.2d 236, 239 (Iowa 1985). When reviewing an agency decision we apply the standards of Iowa Code section 17A.19(8) to the agency action in order to correct any errors of law made by the agency. *Northwestern Bell Tel. Co. v. Iowa State Commerce Comm'n*, 359 N.W.2d 491, 495 (Iowa 1984), citing to *Lefebure Corp. v. Iowa Dep't of Job Serv.*, 341 N.W.2d 768, 770 (Iowa 1983). The burden rests upon the petitioner to show that the agency's policy choices were unreasonable. We defer readily to the agency's expertise. *Id.* at 497.

■■ II. Schroeder grounds its due process challenge on language from *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). *Fuentes* was the landmark case which pointed out that due process demands a hearing before personal property can be seized in a replevin action. Schroeder cites oft-quoted language taken from *Fuentes:*

For more than a century the central meaning of procedural due process has been clear: "Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified."

*Id.* at 80, 92 S.Ct. at 1994, 32 L.Ed.2d at 569 (quoting *Baldwin v. Hale*, 68 U.S. (1 Wall) 223, 234, 17 L.Ed. 531, 534 (1864)).

We were quick to apply *Fuentes. See Thorp Credit, Inc. v. Barr*, 200 N.W.2d 535, 536–37 (Iowa 1972) (prejudgment seizure statute unconstitutional for want of notice and hearing). We have consistently recognized the doctrine ever since. *See, e.g., Interfirst Bank, Dallas, Texas v. Hanson*, 395 N.W.2d 857, 860 (Iowa 1986).

But the rule is not all embracing; the *Fuentes* court conceded there would be exceptions to the requirement and cited examples. The court stated:

There are "extraordinary situations" that justify postponing notice and opportunity for a hearing. These situations, however, must be truly unusual. Only in a few limited situations has this Court allowed outright seizure without opportunity for a prior hearing. First, in each case, the seizure has been directly necessary to secure an important governmental or general public interest. Second, there has been a special need for very prompt action. Third, the State has kept strict control over its monopoly of legitimate force: the person initiating the seizure has been a government official responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance.

407 U.S. at 90–91, 92 S.Ct. at 1999–2000, 32 L.Ed.2d at 575–76.

The first example mentioned was internal revenue. Cited as authority for this exception was *Phyllis v. Commissioner*, 283 U.S. 589, 596, 51 S.Ct. 608, 611, 75 L.Ed. 1289, 1297 (1931), which rejected a due process challenge to the seizure of internal revenue from a taxpayer even though "judicial inquiry" was "postponed" until after the seizure.

We reject Schroeder's due process challenge to Iowa's tax revenue scheme insofar as the challenge is addressed to the absence of a hearing prior to deprivation. That absence is more than justified on the basis of practical necessity. A predeprivation hearing requirement would result in mass chaos, would paralyze the collection of tax revenue, and is not required under the authorities cited.

■ III. We do however find merit in Schroeder's due process challenge to the statute as applied to it because of the failure to allow a postdeprivation hearing. Under the procedure invoked, Schroeder, because of its financial plight, cannot contest the assessment at any stage. As noted above, we think the collection of taxes cannot be suspended to provide a hearing for each reluctant taxpayer. But, once the government has proceeded with the assessment and has taken whatever appropriate steps it chooses for collection of the tax, due process entitles the protesting taxpayer to request and obtain a hearing. *See T.M. Cobb Co. v. County of Los Angeles*, 16 Cal.3d 606, 547 P.2d 431, 128 Cal.Rptr. 655 (1976) (assessee not denied due process if postdeprivation hearing is available). Such a right cannot be confined to affluent taxpayers or to those who can raise bonds in the amount in dispute. Postdeprivation bonds ordinarily should not exceed the estimated costs in the contested case.

The judgment of the trial court must be reversed in part and the case remanded to district court for transfer to the agency with directions to proceed with Schroeder's protest of the assessment as a contested case.

Tax costs to the appellee.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.